# IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES INSTITUTE OF PEACE, *et al.*,

    *Plaintiffs-Appellees*,

v.

KENNETH JACKSON, et al.,

    *Defendants-Appellants*.

) ) ) ) ) ) ) ) ) )

No. 25-5185

## PLAINTIFFS-APPELLEES' MOTION TO VACATE ABEYANCE ORDER AND RESTORE CASE TO ARGUMENT CALENDAR

On September 29, 2025, the Court removed this case from its argument calendar about eight weeks before the November 21, 2025 argument, and ordered that the case be held in abeyance pending the Supreme Court's issuance of a decision in *Trump v. Slaughter*. On June 29, 2026, the Supreme Court issued the *Slaughter* decision. Plaintiffs-appellees ("appellees") now respectfully request that the Court vacate its abeyance order and set the case for oral argument at the earliest available date in the Court's September 2026 argument term. Appellants oppose this motion.

Prompt resolution of the appeal is critical for appellee USIP. The longer this case takes to resolve, the harder it will be for USIP's duly-appointed leadership to restore the organization so that it can resume its congressionally authorized peace-promoting functions. The brain-drain is substantial: hundreds of dedicated USIP

1

employees with enormous experience and expertise were fired by appellants and have necessarily found other work. And because appellants have brought all programmatic work to a standstill, USIP has essentially disappeared from the peacebuilding, training, and education community where it was a leader. Rebuilding its workforce and restoring its presence and re-earning hard-won trust of its partners in its peacebuilding efforts, grows more challenging by the day. Moreover, appellants have exploited the length of stay to take actions with respect to USIP and its building that will make the Institute's efforts to resume normal functioning even more difficult. *E.g.*, The Handbasket, "State Dept. staff—including Noem—will move into Institute of Peace building despite ongoing legal dispute" (Mar. 27, 2026) (available at https://www.thehandbasket.co/p/state-dept-noem-move-institute-of-peace-building) (reporting the moving of hundreds of State Department employees—including the "Shield of the Americas" team—into the USIP building, installing President Trump's name on the building exterior, and issuance of a communication that the USIP building "is now available to host Department of State and White House representational events").

As appellees will explain in their substantive briefing in advance of argument, *Slaughter* does not resolve this case. Rather, both *Slaughter* and the Supreme Court's June 29 decision in *Trump v. Cook* validate the district court's rulings that the removal of the USIP directors was illegal because the Institute does not exercise

executive power, and that courts can return unlawfully removed directors to their positions.

In ruling the removal of the Institute's directors unlawful, the district court concluded that the Institute, structured by Congress as an independent nonprofit corporation (22 U.S.C. 4603(b)), "does not exercise executive powers in the Article II sense," and "cannot be part of the Executive branch for removal purposes." *USIP v. Jackson*, 783 F. Supp. 3d 316, 367 (D.D.C. 2025). In *Slaughter,* the Supreme Court agreed that "not all offices created by Congress necessarily come with executive or even sovereign power attached." *Slaughter,* 609 U.S. ___ (2026) (slip. op. at 27). As such, entities with "powers 'of an investigative and informative nature,' which may 'be regarded as merely in aid of the legislative function of Congress'" are not subject to the rule of at-will presidential removal applicable to executive branch regulatory agencies like the FTC. *Id.* USIP's research, training, and educational activities to foster nonviolent conflict resolution fit well within these standards because they do nothing to "deprive" the President of "the executive power vested [in him] by the Constitution." *Id.* at 21 (internal quotation and citations omitted).

In *Cook*, the Court rejected the government's argument that "all that a court may do is wait, and perhaps award backpay later" when faced with an unlawful removal. *Cook*, 609 U.S. __ (2026) (slip. op at 15-16). Courts can undo unlawful

3

removals through legal remedies at the end of the case, and, before that, through interim injunctive relief.

The parties have begun to confer on an approach to briefing. Appellees are hopeful the parties will be able to submit a joint proposed briefing schedule to the Court.

For the foregoing reasons, appellees request that the Court vacate the abeyance order and set oral argument at the earliest available date during the Court's September 2026 argument session.

July 2, 2026

Respectfully submitted,

*/s/ Andrew N. Goldfarb*
Andrew N. Goldfarb
J. Benjamin Jernigan
ZUCKERMAN SPAEDER LLP
2100 L Street, NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
agoldfarb@zuckerman.com
bjernigan@zuckerman.com

William J. Murphy
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
Telephone: (410) 332-0444
wmurphy@zuckerman.com

*Counsel for Plaintiffs-Appellees*

# CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the applicable type-volume limitation set forth in Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 668 words.

I further certify that this brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it has been prepared using Microsoft Word Office in a proportionally spaced typeface (Times New Roman, 14 point).

/s/ *Andrew N. Goldfarb*
Andrew N. Goldfarb