[NOT YET SCHEDULED FOR ORAL ARGUMENT]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES INSTITUTE OF PEACE,
  et al.,

        Plaintiffs-Appellees,

        v.

KENNETH JACKSON, in his official
capacity as Assistant to the Administrator
for Management and Resources for USAID,
et al.,

        Defendants-Appellants.

No. 25-5185

## DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO EXPEDITE ORAL ARGUMENT

On September 29, 2025, this Court issued an order holding this case in abeyance pending the Supreme Court's disposition of *Trump v. Slaughter*, No. 25-332 (cert. granted, Sept. 22, 2025), and directing the parties to file motions to govern future proceedings within 30 days of the Supreme Court's decision. *See* Sept. 29, 2025 Order (abeyance order). The Supreme Court issued its decision in *Slaughter* on June 29. Plaintiffs-Appellees have now filed a motion to vacate this Court's abeyance order and set the case for oral argument on the earliest available date in the September 2026 argument

1

term.   The government hereby respectfully opposes Plaintiffs' motion in part.

## BACKGROUND

**1.**   This case involves a challenge to the President's removal of members of the Board of Directors of the U.S. Institute of Peace (USIP).   On May 19, 2025, the district court entered summary judgment for plaintiffs, holding that the President's removal of the Board members without following certain statutory removal restrictions was ultra vires and that the removals and subsequent actions of the agency were null, void, and without legal effect.   The court ordered that the plaintiffs shall continue to serve in their positions at USIP, and enjoined defendants from maintaining or exercising any access or control over USIP's property and systems or purporting to act on behalf of USIP.   *See USIP v. Jackson*, 783 F. Supp. 3d 316, 383-84 (D.D.C. 2025).

**2.**   The government appealed and sought a stay pending appeal. On June 27, 2025, a panel of this Court (Katsas, Rao, Walker, JJ.) granted the motion, explaining that "[b]ecause [USIP] exercises substantial executive power, the Government is likely to succeed on its claim that the Board's removal protections are unconstitutional."   *USIP v. Jackson*, No. 25-5185, 2025 WL 1840572, at *1 (D.C. Cir. June 27, 2025) (per curiam).   Plaintiffs

2

petitioned for en banc reconsideration of the panel's stay order, and the en banc court denied the petition without noting any dissents. *See* July 24, 2025 Order (per curiam).

**3.** The parties then agreed to a merits briefing schedule, and the Court set oral argument for November 21, 2025, *see* Sept. 19, 2025 Order. Pursuant to the agreed upon schedule, the government filed its opening brief in this appeal on August 28, 2025, and plaintiffs filed their response brief on September 25, 2025.

While merits briefing was ongoing in this appeal, the Supreme Court granted certiorari in *Trump v. Slaughter*, No. 25-332 (cert. granted, Sept. 22, 2025). Following the grant of certiorari in Slaughter, and before the government filed its reply brief in this appeal, this Court issued a *sua sponte* order removing this case from the oral argument calendar and holding the case in abeyance pending the Supreme Court's disposition of *Slaughter*. *See* Sept. 29, 2025 Order. The Order directed the parties "to file motions to govern future proceedings in this case within 30 days of the disposition by the Supreme Court." *Id.*

On October 15, 2025, plaintiffs moved to partially vacate the stay pending appeal that had been granted on June 27. Plaintiffs argued that because the abeyance order would delay the resolution of this appeal, it had

3

"change[d] the equitable balance" and warranted partially undoing the Court's stay relief. *See* Oct. 15 Vacatur Mot. 3. A panel of this Court (Henderson, Wilkins, Pan, JJ.) denied the motion. The panel explained that "Appellees have not demonstrated that circumstances have changed such that partial vacatur of the stay pending appeal is warranted." *USIP v. Jackson*, No. 25-5185, 2025 WL 3301150, at *1 (D.C. Cir. Nov. 26, 2025) (per curiam).

4.     On June 29, 2026, the Supreme Court issued its decision in *Slaughter*, overruling *Humphrey's Executor*. *See Trump v. Slaughter*, No. 25-332, 2026 WL 1855612, at *15 (U.S. June 29, 2026). The same day, the Court issued its decision in *Trump v. Cook*, No. 25A312, 2026 WL 1855613, at *4 (U.S. June 29, 2026).

## ARGUMENT

Plaintiffs now move this Court to vacate the September 29 abeyance order and set expedited oral argument for "the earliest available date in the Court's September 2026 argument term." July 2 Mot. 1. The government opposes plaintiffs' request insofar as it seeks extreme expedition in this appeal in a manner that would not ensure adequate time for the government's briefing.

1.     The district court's judgment in this case has now been stayed for

4

over a year.  *See USIP*, 2025 WL 1840572 (D.C. Cir. June 27, 2025).  And this appeal has been in abeyance for over nine months.  *See* Sept. 29 Order. Moreover, in ordering the abeyance, the Court specifically envisioned that the parties would have 30 days from the date of the Supreme Court's *Slaughter* decision to file motions to govern future proceedings in this appeal.  There is no cause for the extreme level of expedition that plaintiffs now seek.

The Supreme Court's decision in *Slaughter* has worked a significant change in the relevant legal landscape, requiring new briefing in this appeal. At a minimum, plaintiffs should file a new appellee brief after which the government can file its reply brief, enabling both parties to address the legal developments.

**2.**    The government is still considering the best path forward under the circumstances and will file a motion to govern future proceedings setting forth its proposal regarding the appropriate next steps in this case by July 29, consistent with the Court's abeyance order.

In formulating its proposal, the government will need to account for various limitations on the availability of its attorneys handling this appeal. McKaye L. Neumeister, who has primary responsibility for preparing the government's briefing in this case, is also responsible for the following

matters with recent and impending deadlines: *Kingdom v. Trump*, No. 26-5236 (D.C. Cir.) (stay motion filed June 30); *SAM, Inc. v. DOJ*, No. 26-1106 (D.C. Cir.) (stay opposition filed July 2); *Sandberg v. Mullin*, No. 26-1135 (4th Cir.) (response brief due July 20); *Texas v. Oz*, No. 25-40766 (5th Cir.) (reply brief due July 22); *Kingdom v. Trump*, No. 26-5236 (D.C. Cir.) (stay reply due July 27); *America First Legal Foundation v. GAO*, No. 26-5052 (D.C. Cir.) (response brief due August 7); *K.I. v. Sullivan*, No. 26-849 (2d Cir.) (response brief due August 12); *Doe v. Blanche*, No. 26-5238 (D.C. Cir.) (expedited opening brief due August 14).   Sharon Swingle has supervisory responsibility for the government's briefing in this case.   Ms. Swingle will be traveling internationally on scheduled annual leave from July 31 to August 15.

In determining how best to proceed in this case, the government also needs to consider how it will approach various other pending cases that are affected by the Supreme Court's recent decisions in *Slaughter* and *Cook*. The *Slaughter* and *Cook* decisions will have implications for numerous government cases concerning removals, including *Harper v. Bessent*, No. 25-5268 (D.C. Cir.); *Boyle v. CPSC*, No. 25-1687 (4th Cir.); *Cook v. Trump*, No. 25-5326 (D.C. Cir); *Gonzalez v. Gor*, No. 25-2158 (1st Cir.); *LeBlanc v. United States Priv. & C.L. Oversight Bd.*, No. 25-5197 (D.C. Cir); *Perlmutter*

*v. Blanche*, No. 25-5285 (D.C. Cir.); *Jackler v. MSPB*, No. 26-1575 (Fed. Cir.); and cases in which regulated parties have challenged statutory removal restrictions for executive officers, including *MOSenecaManufacturer LLC v. Federal Mine Safety and Health Review Commission*, No. 25-1349 (8th Cir.); *Perdue Farms, Inc. v. Sonderling*, No. 26-1374 (4th Cir.); *Kinder Morgan v. Department of Labor*, No. 26-20344 (5th Cir.); *Asbury Automotive v. FTC*, No. 25-11102 (5th Cir.); *Millennia Housing v. HUD*, No. 25-3373 (6th Cir.); *Corr Flight S. v. Department of Labor*, No. 25-60286 (5th Cir.); *Comcast Corp. v. Department of Labor*, No. 25-2226 (4th Cir.); *C.S. Lawn & Landscape, Inc. v. Department of Labor*, No. 26-5114 (D.C. Cir.); *Orient Overseas Container Line Ltd. v. United States*, No. 26-20305 (5th Cir.).

**3.** To be clear, the government does not oppose vacating the Court's September 29 abeyance order and proceeding with this appeal. Nor does it oppose scheduling argument at a time that affords the parties sufficient time to complete merits briefing in this appeal, after the Court determines what form such briefing should take.

The government is opposed, however, to the specific proposal for future proceedings offered by plaintiffs. In advance of filing this motion, plaintiffs indicated to the government that they wished to propose a schedule

whereby (1) the government would have only 15 days to file a merits reply brief that both replied to plaintiffs' September 25, 2025 response brief and addressed *Slaughter* and *Cook*; (2) plaintiffs would then have 14 days to file a sur-reply addressing *Slaughter* and *Cook*; and (3) plaintiffs would request oral argument be held in early September. The government objects to briefing on such a highly expedited basis and to denying the government any opportunity to respond in writing to plaintiffs' arguments regarding the new Supreme Court decisions.

As noted, the government will file its motion to govern future proceedings by July 29.

<div style="margin-left:40%">

Respectfully submitted,

SHARON SWINGLE
/s/ *McKaye L. Neumeister*
McKAYE L. NEUMEISTER
  Attorneys, Appellate Staff
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Room 7231
  Washington, D.C. 20530
  (202) 514-8100

</div>

JULY 2026

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 1477 words.

*/s/ McKaye L. Neumeister*
McKaye L. Neumeister

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<div align="right">

*/s/ McKaye L. Neumeister*
McKaye L. Neumeister

</div>