# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES INSTITUTE OF PEACE, *et al.*, | ) ) ) ) | |
| *Plaintiffs-Appellees*, | ) ) | No. 25-5185 |
| v. | ) | |
| KENNETH JACKSON, et al., | ) | |
| *Defendants-Appellants*. | ) | |

## PLAINTIFFS-APPELLEES' MOTION FOR
## SCHEDULE TO GOVERN FUTURE PROCEEDINGS

The District Court in this matter issued a comprehensive opinion determining that the Executive had overstepped its bounds when appellants terminated the independent directors of USIP, installed a new acting president, took over USIP's headquarters, fired virtually all of its employees, and brought an end to its statutorily-mandated functions. A motions panel of this Court stayed the District Court's grant of declaratory and injunctive relief pending appeal. Briefing and argument of the appeal was set on an expedited schedule. Then, on September 29, 2025, the Court removed this case from its argument calendar about eight weeks before argument and ordered that the case be held in abeyance pending the Supreme Court's disposition of *Trump v. Slaughter*, No. 25-332. Doc. No. 2137602. The Court ordered that the parties file motions to govern future proceedings in this case within

1

30 days of the issuance of a decision in *Slaughter*. *Id.* On June 29, 2026, the Supreme Court issued the *Slaughter* decision. 2026 WL 1855612. Also on June 29, the Supreme Court issued its decision in *Trump v. Cook*, 2026 WL 1855613.

Plaintiffs-appellees ("appellees") now respectfully request that the Court issue a new schedule that provides for the remaining briefing and oral argument to be completed on an expedited timeline. As appellees will explain in their anticipated supplemental brief, the decisions in *Slaughter* and *Cook*, to the extent they bear on this case, support the District Court's careful analysis and conclusions. The parties' briefs before this Court already address the main question that remains: whether USIP's education, study, and training activities in the field of nonviolent conflict resolution constitute an exercise of executive power. *See* Appellants' Open. Br. at 20-35; Appellees' Br. at 17-32.

Prior to the filing of this motion, the parties conferred and reached agreement on a briefing structure: (i) appellees will file a supplemental brief of no more than 3,000 words within 30 days; and (ii) within 21 days thereafter appellants will file their reply. The only point of disagreement between the parties involves the scheduling of oral argument: appellees request that the Court re-set the case for oral argument at the earliest available date. Appellants oppose the setting of an oral argument date—let alone an expeditious one—on the grounds that it may limit the

length of any extensions they could request of their reply deadline. Because of *Slaughter* and *Cook*'s limited impact on this case and the nine months the government has already had to complete its reply, the setting of an argument date will not unfairly prejudice appellants. Setting a date for an argument now would be consistent with the expedited briefing schedule and argument date entered by the Court before the Court's order holding the case in abeyance, and would limit the time that the government can continue to inflict damage to USIP's congressionally established independence and mission under the USIP Act, as it has done during the pendency of this appeal. *See* Doc. Nos. 2181613, 2182416.

For the foregoing reasons, appellees respectfully request that the Court enter a schedule to govern future proceedings in this case, including oral argument, as follows:

- Within 30 days, appellees will file a supplemental brief of no more than 3,000 words that addresses the impact of *Slaughter* and *Cook* on this case.

- Within 21 days after appellees' filing of their supplemental brief, appellants will file their reply brief.

- Set a date for oral argument for the earliest available date.

July 27, 2026                                 Respectfully submitted,

                                             */s/ Andrew N. Goldfarb*
                                             Andrew N. Goldfarb
                                             J. Benjamin Jernigan
                                             ZUCKERMAN SPAEDER LLP
                                             2100 L Street, NW, Suite 400
                                             Washington, DC 20037
                                             Tel: (202) 778-1800
                                             agoldfarb@zuckerman.com
                                             bjernigan@zuckerman.com

                                             William J. Murphy
                                             ZUCKERMAN SPAEDER LLP
                                             100 East Pratt Street, Suite 2440
                                             Baltimore, MD 21202-1031
                                             Telephone: (410) 332-0444
                                             wmurphy@zuckerman.com

                                             *Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the applicable type-volume limitation set forth in Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 570 words.

I further certify that this brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it has been prepared using Microsoft Word Office in a proportionally spaced typeface (Times New Roman, 14 point).

*/s/ Andrew N. Goldfarb*
Andrew N. Goldfarb