**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

UNITED STATES INSTITUTE OF PEACE,
   et al.,

       Plaintiffs-Appellees,

       v.

KENNETH JACKSON, in his official
capacity as Assistant to the Administrator
for Management and Resources for USAID,
et al.,

       Defendants-Appellants.

No. 25-5185

**DEFENDANTS' MOTION TO GOVERN FUTURE PROCEEDINGS**

Pursuant to the Court's order of September 29, 2025, the government hereby files this motion to govern future proceedings in this appeal. The government requests that the Court enter a briefing schedule under which plaintiffs file a replacement response brief in 30 days, and the government file its reply brief in 21 days (subject to a potential reasonable extension request due to the press of other business). The government opposes plaintiff's request for expedited oral argument.

On September 29, 2025, this Court issued an order holding this case in

abeyance pending the Supreme Court's disposition of *Trump v. Slaughter*, No. 25-332 (cert. granted, Sept. 22, 2025), and directing the parties to file motions to govern future proceedings within 30 days of the Supreme Court's decision. *See* Sept. 29, 2025 Order (abeyance order). The Supreme Court issued its decision in *Slaughter* on June 29.

## BACKGROUND

1. This case involves a challenge to the President's removal of members of the Board of Directors of the U.S. Institute of Peace (USIP). On May 19, 2025, the district court entered summary judgment for plaintiffs, holding that the President's removal of the Board members without following certain statutory removal restrictions was ultra vires and that the removals and subsequent actions of the agency were null, void, and without legal effect. The court ordered that the plaintiffs shall continue to serve in their positions at USIP, and enjoined defendants from maintaining or exercising any access or control over USIP's property and systems or purporting to act on behalf of USIP. *See USIP v. Jackson*, 783 F. Supp. 3d 316, 383-84 (D.D.C. 2025).

2. The government appealed and sought a stay pending appeal. On June 27, 2025, a panel of this Court (Katsas, Rao, Walker, JJ.) granted the motion, explaining that "[b]ecause [USIP] exercises substantial executive

power, the Government is likely to succeed on its claim that the Board's removal protections are unconstitutional." *USIP v. Jackson*, No. 25-5185, 2025 WL 1840572, at *1 (D.C. Cir. June 27, 2025) (per curiam). Plaintiffs petitioned for en banc reconsideration of the panel's stay order, and the en banc court denied the petition without noting any dissents. *See* July 24, 2025 Order (per curiam).

**3.** The parties then agreed to a merits briefing schedule, and the Court set oral argument for November 21, 2025, *see* Sept. 19, 2025 Order. Pursuant to the agreed-upon schedule, the government filed its opening brief in this appeal on August 28, 2025, and plaintiffs filed their response brief on September 25, 2025.

While merits briefing was ongoing in this appeal, the Supreme Court granted certiorari in *Trump v. Slaughter*, No. 25-332 (cert. granted, Sept. 22, 2025). Following the grant of certiorari in *Slaughter*, and before the government filed its reply brief in this appeal, this Court issued a *sua sponte* order removing this case from the oral argument calendar and holding the case in abeyance pending the Supreme Court's disposition of *Slaughter*. *See* Sept. 29, 2025 Order. The Order directed the parties "to file motions to govern future proceedings in this case within 30 days of the disposition by the Supreme Court." *Id.*

On October 15, 2025, plaintiffs moved to partially vacate the stay pending appeal that had been granted on June 27. Plaintiffs argued that because the abeyance order would delay the resolution of this appeal, it had "change[d] the equitable balance" and warranted partially undoing the Court's stay relief. *See* Oct. 15 Vacatur Mot. 3. A panel of this Court (Henderson, Wilkins, Pan, JJ.) denied the motion. The panel explained that "Appellees have not demonstrated that circumstances have changed such that partial vacatur of the stay pending appeal is warranted." *USIP v. Jackson*, No. 25-5185, 2025 WL 3301150, at *1 (D.C. Cir. Nov. 26, 2025) (per curiam).

**4.** On June 29, 2026, the Supreme Court issued its decision in *Slaughter*, overruling *Humphrey's Executor*. *See Trump v. Slaughter*, No. 25-332, 2026 WL 1855612, at *15 (U.S. June 29, 2026). The same day, the Court issued its decision in *Trump v. Cook*, No. 25A312, 2026 WL 1855613, at *4 (U.S. June 29, 2026).

**5.** On July 2, plaintiffs filed a motion to take this appeal out of abeyance and schedule oral argument for the earliest available date. The government opposed the motion insofar as it called for extreme expedition in a manner that would not ensure adequate time for the government's briefing. On July 16, the Court denied plaintiffs' motion, reiterating the

direction to the parties to file motions to govern future proceedings in this case by July 29.

**ARGUMENT**

**1.**    The government respectfully requests that the Court set a briefing schedule under which plaintiffs would file a replacement response brief in 30 days, which would substitute for their original response brief filed on September 25, 2025.   The government would then file a reply brief 21 days following the due date for the replacement response brief (with the ability to seek a reasonable extension, if needed).   Under this approach, the parties would be subject to the following schedule:

| | |
|---|---|
| Plaintiffs' replacement response brief | August 28, 2026 |
| Government's reply brief | September 18, 2026 |

The Court could then schedule oral argument in this appeal in the ordinary course.   That schedule would place the merits briefing here on par with other appeals that had been held in abeyance pending the Supreme Court's decisions in *Slaughter* and *Cook*.   *See* Order, *Perlmutter v. Blanche*, No. 25-5285 (D.C. Cir.) (setting schedule of 40 days for opening brief, 30 days for answering brief, and 30 days for reply brief).

The government believes that this schedule would best serve the interests of judicial economy and the parties' interests in having adequate opportunity to finish fully briefing this appeal without undue delay.   By

filing a replacement merits response brief, plaintiffs would be able to take account of the relevant case law developments from *Slaughter* and *Cook*. And the government would have full opportunity to address those cases—and respond to plaintiffs' arguments regarding the effect of those cases—in its merits reply brief. Under this approach, the Court would have the normal set of three total party briefs to consider in adjudicating this appeal, and the standard order is maintained under which the appellants have the opportunity to respond to the appellees' arguments.

The government's proposed schedule would also permit the government attorneys with primary responsibility in this appeal, McKaye L. Neumeister and Sharon Swingle, appropriate time to draft the reply brief and satisfy their other court deadlines in *Mokhtar v. TSA*, No. 26-1081 (D.C. Cir.) (response brief due July 31); *America First Legal Foundation v. GAO*, No. 26-5052 (D.C. Cir.) (response brief due August 7 (pending motion to extend deadline to September 4)); *K.I. v. Sullivan*, No. 26-849 (2d Cir.) (response brief due August 12); *Doe v. Blanche*, No. 26-5238 (D.C. Cir.) (expedited opening brief due August 14); *Bork v. Infante*, No. 24-6218 (4th Cir.) (supervising oral argument scheduled for September 16). This proposed schedule is also necessary to accommodate Ms. Swingle's planned international travel on scheduled annual leave from July 30 to August 15.

**2.** On July 27, plaintiffs proposed a schedule under which: (1) plaintiffs would file a 3,000 word supplemental brief in 30 days that addresses only the effect of *Slaughter* and *Cook* on this appeal, in lieu of a replacement response brief; and (2) the government would file a reply brief 21 days after that, replying to both the plaintiffs' Sept. 25, 2025 response brief and the new supplemental brief. The government would not oppose this alternate approach, provided that (1) the government's reply brief deadline be set for September 18 (such that it would not change if plaintiffs filed their supplemental brief early); and insofar as this alternative preserves the government's abilities (2) to reply to plaintiffs' discussion of *Slaughter* and *Cook*; and (3) to seek any necessary, reasonable extension of time for its reply brief.

**3.** Plaintiffs also requested that oral argument be scheduled for the earliest available date. The government opposes this request. Plaintiffs already recently sought to have the Court schedule expedited oral argument for the first available date following the removal of this appeal from abeyance, and the Court denied that motion. *See* July 2 Motion; July 16, 2026 Order. As the government explained in opposing that motion, such extreme expedition is unwarranted given the history of this appeal.

Moreover, such expedition could interfere with the government's

ability to seek a reasonable extension of its reply brief deadline, if necessary due to the press of other business. The government attorneys handling this appeal are responsible for numerous time-sensitive matters, and developments and unforeseen emergencies in those cases could require the government to seek additional time for its reply brief in this appeal. Plaintiffs cannot demonstrate that expedition is required to a degree that would deprive the government of adequate time to complete its merits briefing in this appeal.

Respectfully submitted,

SHARON SWINGLE
 /s/ *McKaye L. Neumeister*
MCKAYE L. NEUMEISTER
  Attorneys, Appellate Staff
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Room 7231
  Washington, D.C. 20530
  (202) 514-8100

JULY 2026

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 1478 words.

<u>/s/ McKaye L. Neumeister</u>
McKaye L. Neumeister

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ McKaye L. Neumeister*
McKaye L. Neumeister