[NOT YET SCHEDULED FOR ORAL ARGUMENT]

**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| UNITED STATES INSTITUTE OF PEACE, et al.,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>KENNETH JACKSON, in his official capacity as Assistant to the Administrator for Management and Resources for USAID, et al.,<br><br>Defendants-Appellants. | No. 25-5185 |

**DEFENDANTS' MOTION FOR A 14-DAY EXTENSION OF TIME TO FILE REPLY BRIEF**

Pursuant to Federal Rule of Appellate Procedure 26(b) and D.C. Circuit Rule 28(e), the government respectfully requests a 14-day extension of time, to and including October 2, 2026, to file the government's reply brief in this case. Plaintiffs oppose this extension request.

1. This case involves a challenge to the President's removal of members of the Board of Directors of the U.S. Institute of Peace (USIP). On July 25, 2025, the Court issued an order setting a briefing schedule, under which the government's opening brief was due August 28, 2025, and

plaintiffs' response brief was due September 25, 2025. Both principal briefs were filed on time without extensions. On September 29, 2025, the Court issued an order *sua sponte* holding the case in abeyance pending the Supreme Court's decision in *Trump v. Slaughter*, No. 25-332 (S. Ct.) (cert. granted Sept. 22, 2025). The Court gave the parties 30 days after *Slaughter* was decided to file motions to govern future proceedings in this appeal.

2. The Supreme Court issued its decision in *Slaughter* on June 29, 2026. *See Trump v. Slaughter* 146 S. Ct. 2283 (2026). On July 2, plaintiffs moved to remove this appeal from abeyance and set the case for oral argument on the earliest available date in the September 2026 argument term. The government opposed the motion insofar as it sought extreme expedition in a manner that would not ensure adequate time for the government's briefing. The government explained that there was no cause for such expedition at this stage in the case, that the government was still considering its proposal regarding future proceedings, and that the schedule going forward needed to account for existing limitations on the availability of its attorneys handling this appeal. On July 16, 2026, the Court denied plaintiffs' motion to schedule expedited oral argument and directed the parties to file their anticipated motions to govern future proceedings by July 29, 2026.

3. On July 27 and July 29, the parties filed their motions to govern future proceedings. Plaintiffs proposed a schedule for further briefing and argument under which: (1) plaintiffs would file a supplemental brief in 30 days; (2) the government would file a reply brief 21 days after that; and (3) oral argument would be scheduled for the earliest available date. The government responded that it did not oppose plaintiffs' proposed approach to further briefing insofar as it preserved the government's ability to seek any necessary, reasonable extension of time for its reply brief. The government opposed plaintiffs' request for expedited oral argument, however, explaining that such expedition was unwarranted and could interfere with the government's ability to seek a reasonable extension of its reply brief deadline, if necessary due to the press of other business.

4. On July 31, 2026, this Court issued an order establishing a briefing schedule. Under this schedule, plaintiffs were directed to file a supplemental brief by August 28, 2026, and the government's reply brief was due September 18, 2026. The order also directed the Clerk "to calendar the case for oral argument on the first appropriate date following the completion of briefing." July 31, 2026 Order. Plaintiffs timely filed their supplemental brief on August 28, 2026. The government's reply brief is currently due

September 18, 2026. The government has not previously sought any extensions of this deadline or any other deadline in this appeal.

5. The government respectfully requests a 14-day extension of time in which to file its reply brief, to and including October 2, 2026. The requested extension is necessary to ensure adequate time to prepare and file the government's reply brief and to ensure sufficient time to coordinate interagency review, in light of other pressing matters being handled by government counsel. McKaye Neumeister, who has primary responsibility for preparing the government's brief in this case, has the following matters with recent and impending deadlines: *K.I. v. Sullivan*, No. 26-849 (2d Cir.) (response brief filed August 12); *Doe v. Blanche*, No. 26-5238 (D.C. Cir.) (expedited opening brief filed August 14); *Doe v. Blanche*, No. 26-5238 (D.C. Cir.) (opposition to emergency motion to intervene filed August 19); *American First Legal Foundation v. GAO*, No. 26-5052 (D.C. Cir.) (response brief due October 2, as extended); *McComb Children's Clinic v. Kennedy*, No. 26-60101 (5th Cir.) (oral argument scheduled for October 7); *Doe v. Blanche*, No. 26-5238 (D.C. Cir.) (reply brief due October 9). Ms. Neumeister is also responsible for numerous time-sensitive internal matters.

Sharon Swingle has supervisory responsibility for the government's briefing in this case. In addition to internal government matters, Ms. Swingle has supervisory responsibility for the following matters with impending deadlines: *Cali v. Trump*, No. 26-5172 (D.C. Cir.) (opening brief due September 15); *Bork v. Infante*, No. 24-6218 (4th Cir.) (oral argument scheduled for September 16); *Holland v. Bondi*, No. 25-5373 (D.C. Cir.) (argument scheduled for September 28); *Agyeman v. Bondi*, No. 25-5360 (D.C. Cir.) (argument scheduled for September 28); *Maryland v. Director of the FBI*, No. 26-2158 (4th Cir.) (opening brief due October 5); *United States v. Suirui Group Co.*, No. 26-5179 (D.C. Cir.) (response brief due October 8); *Husch Blackwell LLP v. Department of Commerce*, No. 26-5173 (D.C. Cir.) (response brief due October 8). Ms. Swingle is also responsible for numerous time-sensitive internal matters.

6. In response to the government's request for plaintiffs' position regarding this motion, counsel for plaintiffs stated: "Appellees oppose the extension request because Appellants have not offered good cause for the extension and because of the continuing harm to Appellees from delay in resolving the appeal." In response to the government's inquiry as to whether plaintiffs intend to file an opposition to this motion, counsel stated that plaintiffs "reserve the right to file an opposition."

Respectfully submitted,

SHARON SWINGLE
/s/ *McKaye L. Neumeister*
MCKAYE L. NEUMEISTER
Attorneys, Appellate Staff
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 7231
Washington, D.C. 20530
(202) 514-8100

SEPTEMBER 2026

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 946 words.

*/s/ McKaye L. Neumeister*
McKaye L. Neumeister