**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES INSTITUTE OF PEACE, *et al.*, | ) | |
| *Plaintiffs-Appellees*, | ) | No. 25-5185 |
| v. | ) | |
| KENNETH JACKSON, et al., | ) | |
| *Defendants-Appellants*. | ) | |

**PLAINTIFFS-APPELLEES' OPPOSITION TO APPELLANTS' MOTION FOR A 14-DAY EXTENSION OF TIME TO FILE REPLY BRIEF**

The Court should deny Appellants' motion for a 14-day extension to submit their reply brief in this case. *See* Doc. 2192185 (the "Extension Motion").

Appellants have had almost a full year to prepare their reply. The only "new" issue that they need to address in their reply is the impact of *Slaughter* and *Cook* on this case. But as Appellees noted in their supplemental brief (Doc. 2190460), the *Slaughter* decision *narrows* the scope of what Appellants must address on reply by disposing of one of the two major holdings underlying the District Court's decision. And the Supreme Court issued *Slaughter* and *Cook* on June 29, 2026. Thus, under the current schedule, Appellants will have had over two and half months since the Supreme Court issued *Slaughter* and *Cook* to evaluate those decisions and incorporate their analysis into their reply arguments. And Appellants have been aware of the September 18 deadline, set by the Court on July 31, 2026, for over six

weeks. In short, the current schedule has afforded Appellants more than sufficient time to prepare their reply.

In their July 29, 2026 motion to govern future proceedings (Doc. 2185599), Appellants previewed their intent to seek additional time to file their reply, whatever schedule would be set by the Court. In that filing, Appellants' counsel set out a list of their briefing obligations, and contended they needed to preserve their ability to seek more time. On July 31, 2026, after consideration of the parties' respective proposals (including government counsel's recitation of their other obligations), the Court issued a schedule for "the remainder of briefing [that] *will* now apply in this case." Doc. 2186152 (emphasis added). The Court also directed the Clerk to calendar the case for oral argument "on the first appropriate date following the completion of briefing," which further suggests that the Court expected briefing to be completed on the schedule it set.

Appellants rest their Extension Motion on another recitation of pending cases, with their respective deadlines, for which government counsel are responsible. Some are the same cases as those listed in their July 29 motion, some are different cases. Appellants' filing confirms only that, at any particular time, government counsel have responsibility over multiple cases with deadlines. The ordinary caseload responsibilities of government counsel (or any lawyer) does not constitute good

cause to extend a deadline set by the Court to complete briefing in an appeal that now has been pending for about 16 months.

Moreover, Appellants have paired the Extension Motion with a letter to the Clerk of Court, also filed on September 9, setting out dates of government counsel's unavailability for oral argument. *See* Doc. 2192152. Together, these submissions—which (i) seek to extend briefing into October, and then (ii) block out a week in November and fully half of December 2026 as off-limits for oral argument—appear intended to impose substantial additional delay and push oral argument into 2027. The Court should reject this two-pronged effort to create months of additional delay to resolution of this appeal.

In ordinary circumstances, a two-week extension by opposing counsel would be unexceptional. But as Appellees have set out previously (Docs. 2181613, 2182416), any further delay in the completion of briefing and setting of oral argument "at the first appropriate date" in 2026 is unwarranted. Until it was held in abeyance in September 2025, this case was on an expedited briefing schedule because the District Court's order was stayed pending appeal. Given the length of time this appeal has already been pending, the ample time Appellants have had to prepare their reply, and how Appellants have exploited the stay in ways that will materially impair the ability of Appellees, should they ultimately prevail, to restore

USIP to its statutory functions mandated by Congress, briefing should be completed on the current schedule.

Appellees respectfully request that the Court deny the Extension Motion.

September 10, 2026

Respectfully submitted,

*/s/ Andrew N. Goldfarb*

Andrew N. Goldfarb
J. Benjamin Jernigan
ZUCKERMAN SPAEDER LLP
2100 L Street, NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
agoldfarb@zuckerman.com
bjernigan@zuckerman.com

William J. Murphy
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
Telephone: (410) 332-0444
wmurphy@zuckerman.com

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the applicable type-volume limitation set forth in Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 643 words.

I further certify that this brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it has been prepared using Microsoft Word Office in a proportionally spaced typeface (Times New Roman, 14 point).

*/s/ Andrew N. Goldfarb*
Andrew N. Goldfarb