**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7231
Washington, DC 20530

Tel: (202) 514-8100

November 16, 2026

VIA CM/ECF

Mr. Clifton Cislak
Clerk, United States Court of Appeals
for the District of Columbia Circuit
United States Courthouse
Third and Constitution Avenue, NW
Washington, D.C. 20001

RE: *U.S. Institute of Peace v. Jackson*, No. 25-5185 (oral argument scheduled for November 17, 2026)

Dear Mr. Cislak:

We write to alert the Court to *Abramowitz v. Lake*, No. 25-5314 (D.C. Cir. Nov. 13, 2026), which affirmed a permanent injunction enjoining Agency for Global Media (AGM) officials from removing the head of Voice of America. Slip. op. 19-20. Significantly, that decision did not address a court's equitable authority to reinstate *de facto* a removed officer, nor address the effect of *Trump v. Cook*, 609 U.S. 528 (2026) on that remedial question.

In *Abramowitz*, the Court barred an "attempted" removal by officials without "final authority over hiring or firing." Slip op. 2. Network heads like the *Abromowitz* plaintiff were once "appoint[ed] and remov[able]" by AGM's CEO. Slip op. 2-3. But now a separate agency, the International Broadcasting Advisory Board, has "control over" their "hiring and firing." Slip op. 4. AGM officials nonetheless "inform[ed]" Abramowitz that they "had made the decision to remove him." Slip op. 6.

Abramowitz sued under the APA, and the district court "entered a permanent injunction barring defendants 'from removing [him]" without the

Board's vote. Slip op. 6. This Court affirmed, holding that Abramowitz could be removed only by Board vote and that the district court could "enjoin" AGM officials "from removing" him. Slip op. 15-20.

Here, unlike in *Abramowitz*, the President is incontrovertibly the official authorized to remove USIP Board members, and the President actually did so. Whereas *Abramowitz* said nothing about permanently reinstating a removed officer (*de facto* or otherwise), the district court here purported to "*de facto* reinstate" plaintiffs. JA395. Under *Trump v. Cook*, that question of an ultimate reinstatement remedy at final judgment is properly analyzed as a legal question, not an equitable one.

*Abramowitz* was decided without briefing about *Trump v. Cook*, 609 U.S. 528 (2026), which explained that courts at equity "could not finally determine whether a plaintiff was validly removed"—a question for "court[s] of law," *e.g*. through "mandamus," *id*. at 548. *Abramowitz* did not address *Cook*'s reaffirmation of the rule against injunctions requiring reinstatement. And extending *Abramowitz* to a request for permanent reinstatement would contravene *Cook*. *See* Govt. Reply Br.25-28.

Sincerely,

*<u>/s/ McKaye L. Neumeister</u>*
McKaye L. Neumeister
Attorney, Appellate Staff
Civil Division

cc: Counsel of Record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 342 words, according to the count of Microsoft Word.

*/s/ McKaye L. Neumeister*
McKaye L. Neumeister